```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :
UNITED STATES OF AMERICA,                          :
                                                   :            18-CR-617 (JMF)
           -v-                                     :
                                                   :        MEMORANDUM OPINION
MICHAEL D'ALESSIO,                                 :              AND ORDER
                                                   :
                      Defendant.                   :
                                                   :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In April 2019, the Court sentenced Defendant Michael D'Alessio, after a guilty plea to wire fraud and bankruptcy fraud, to seventy-two months' imprisonment. *See* ECF No. 44. On June 5, 2019, he surrendered to begin serving his sentence, which the Bureau of Prisons calculates will be completed on July 14, 2024 — that is in approximately forty-three months. *See* ECF No. 60 ("Opp'n"), at 2. He now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release in light of the COVID-19 pandemic. *See* ECF No. 53, 55 ("Def.'s Mem."). Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" *and* that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1]

Given the dangers posed by COVID-19 to those in prison generally and to D'Alessio specifically, *see* Def.'s Mem. 2-3, the instant motion is not without some force. Nevertheless,

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which D'Alession appears to have satisfied. *See* Def.'s Mem. 9.

upon review of the parties' papers, the Court denies the motion, substantially for the reasons set forth in the Government's opposition. *See* ECF No. 60, at 4-7. That is, "in light of the seriousness of D'Alessio's crimes, the ongoing harm that has caused his victims, and the relatively limited amount of time he has served" — less than thirty percent of his sentence — "a reduction of the defendant's sentence is not warranted." *Id.* at 4; *see also id.* Ex. (victim statements); ECF No. 62 (additional victim statements). Put differently, the Court is "hard pressed to conclude that, whereas the Section 3553(a) factors justified a [seventy-two month] sentence only [last year], the same factors suddenly justify a time-served sentence today." *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020); *see also United States v. Walter*, No. 18-CR-834-6 (PAE), 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) ("Converting Walter's sentence to one of home confinement, when he has served just 17 months of a 62-month term of incarceration, would disserve these important § 3553(a) factors."); *United States v. Credidio*, No. 19-CR-111-1 (PAE), ECF No. 62, at 1 (S.D.N.Y. Mar. 30, 2020) (refusing to reduce a sentence to time served pursuant to Section 3582(c) on the ground that "a lengthy term of imprisonment is required for [the defendant] for all the reasons reviewed at sentencing").

To be sure, the Court is sympathetic to Mr. D'Alessio's concerns and sensitive to the dangers faced by those in jails and prisons from COVID-19. *See, e.g.*, *United States v. Nkanga*, 450 F. Supp. 3d 491, 491-92 (S.D.N.Y. 2020). If it were in the Court's power to grant Mr. D'Alessio temporary release until the danger of the pandemic was over — thereby mitigating the risks to him (and to other prisoners) from the disease, without giving him a windfall break on his overall sentence — the Court might very well have done so. But the power to grant such temporary reprieve lies exclusively in the Executive Branch; the Court's sole option is to reduce

D'Alessio's sentence pursuant to the compassionate release statute or to leave it be. "[C]onsidering the Section 3553(a) factors — as the Court must — compassionate release is simply too blunt an instrument for the task at hand." *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 2614764, at *2 (S.D.N.Y. May 22, 2020) (internal quotation marks omitted).

Accordingly, Mr. D'Alessio's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 53.

SO ORDERED.

Dated: November 30, 2020
      New York, New York

                                                  JESSE M. FURMAN
                                          United States District Judge